UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE, #305535,          )
         Plaintiff,          )
                                     )   No. 1:22-cv-675
-v-                              )
                                     )   Honorable Paul L. Maloney
ROBERT LINCOLN, *et al.*,        )
         Defendants.        )
                                     )

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

When he filed this complaint, Plaintiff LaPine was a prisoner under the control of the Michigan Department of Corrections. He alleges Defendants violated his civil rights. Named Defendants associated with the MDOC filed a motion for summary judgment for failure to exhaust administrative remedies (ECF No. 71). Plaintiff did not file a response. The Magistrate Judge issued a report recommending that the Court grant the motion (ECF No. 72). Plaintiff filed objections (ECF No. 74). The Court will adopt in part the recommendations of the Magistrate Judge.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## II.

The Magistrate Judge briefly describes each of the remaining claims and then identifies the defendants (if known) against whom each claim is brought. Defendants request summary judgment on claims 9, 11, 12, 13. 14 and 16.[1] Defendants argue that Plaintiff did not pursue any grievance through Step III for each of these claims. Plaintiff objects to the dismissal of each of the six claims.

Before addressing the R&R and objections, the Court makes two observations. First, even when a party does not file a response to a motion for summary judgment, courts have an obligation to review the motion and supporting evidence to see if the moving party has met its burden. *See Carver v. Bunch,* 946 F.2d 451, 454-55 (6th Cir. 1991). In his objection, Plaintiff argues he never received a copy of Defendant's motion. The Court has considered the attachments to Plaintiff's objection even though the attachments were not first submitted for consideration by the Magistrate Judge.

Second, in his complaint, Plaintiff claims he was assaulted by another prisoner on March 8, 2016, after which he was housed in segregation for three weeks. He pleads that he was on modified access and had to request grievance forms. Plaintiff pleads he made

---

[1] Defendants refer to the last claim as Claim 16 (ECF No. 71 PageID.286, 298-299). The Magistrate Judge refers to the last claim as both Count 15 (ECF No. 72 PageID.649) and Count 16 (*id.* PageID.654 and 655). Plaintiff insists there is a Count 15 but no Count 16 (ECF No. 73 PageID.657). The Court will refer to the last claim as number 16.

multiple requests for medical attention and made multiple requests for grievance forms and did not receive responses.

The Court generally relies on Defendants' descriptions of the remaining claims as outlined in their motion for summary judgment (ECF No. 71 PageID.285-86). Most of the claims arise from events that occurred while Plaintiff was housed at the Richard A. Handlon Correctional Facility (MTU). Plaintiff pleads that he was transferred from MTU to Bellamy Creek Correctional Facility (IBC) around the beginning of April 2016 (ECF No. 1 PageID.10). The last claim arises from events that occurred at IBC.

1. Claim 9 - Retaliation following grievance MTU-200 against MDOC Defendants. Plaintiff filed grievance MTU-200 on February 25, 2016, addressing an incident that occurred on February 10 (ECF No. 71-5 PageID.615). Under "State Problem Clearly," at the very end of Plaintiff's statement, he wrote "I fear retaliation from writing this grievance, such as set up, etc." Defendants have established that Plaintiff did not file any grievance about any particular incident of retaliation. The Magistrate Judge recommends dismissing claim 9.

Plaintiff objects. Plaintiff argues he filed a grievance but did not receive a Step II response. The Court overrules the objection. The exhibit on which Plaintiff relies (ECF NO. 73-1 PageID.664) refers to the Step II response to the MTU-200 grievance. That grievance was exhausted. The grievance, however, did not exhaust any particular incident of retaliation. Plaintiff wrote that he feared future retaliation for filing MTU-200.

2. Claim 11 - Retaliation against Defendant Dejarden. Around March 1, 2016, Defendant Desjarden charged Plaintiff with a sexual misconduct. The hearing for the alleged

misconduct occurred on March 10, 2016, and Plaintiff was found guilty (ECF No. 71-5 PageID.599). Plaintiff sought a rehearing on March 25, 2016 (*id.* PageID.597). MDOC denied the request for a rehearing in April 2016 (*id.* PageID.596). In the complaint, Plaintiff refers to the write-up as "a falsified retaliatory misconduct" (ECF No. 1 PageID.7). Plaintiff also pleads that video of the incident cleared him and incriminated Defendant Desjarden, who then sought out a group of prisoners to have them "take Plaintiff out" (*id.*)

Defendants contend Plaintiff never raised a retaliation issue as part of any administrative process. Defendants argue Plaintiff "did not raise issues when he sought seeking [sic] rehearing. LaPine did not exhaust other claims because there are no corresponding Step III grievances" (ECF No. 71 PageID.298). Defendants also argue Plaintiff did not raise retaliation either during the misconduct hearing or in his request for a rehearing.[2]

Plaintiff objects to summary judgment and dismissal of his retaliation claim against Defendant Desjarden. First, the Court overrules Plaintiff's objection for any claim based on the misconduct ticket as retaliation. Plaintiff did not exhaust any retaliation claim through the administration of the misconduct ticket because he did not assert that the ticket was retaliatory (ECF No. 71-5 PageID.596-634). *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Ci4r. 2011). Second, the Court affirms Plaintiff's objection as to his claim that Defendant Desjarden put a retaliatory "hit" on Plaintiff. Plaintiff could not raise that issue in the administration of the misconduct ticket. And, Defendants have not established that

---

[2] In this portion of their brief, Defendants refer to the claim as "XII" (ECF No. 71 PageID.299).

Plaintiff had the ability to file grievances for the three weeks Plaintiff was in segregation. Plaintiff submitted as an exhibit a letter asking for a grievance form so that he could grieve the issue against Defendant Desjarden (ECF No. 73-1 PageID.688). At this point, a question of fact concerning exhaustion remains.

3. Claim 12 - Eighth Amendment claim against Defendant Hall for failing to provide medical treatment following the attack on March 8, 2016. Plaintiff objects to summary judgment and dismissal of this claim. The Court affirms the objection. Defendants have not established that Plaintiff had the ability to file grievances for the three weeks Plaintiff was in segregation. Plaintiff submitted as an exhibit a letter asking for a grievance form so that he could grieve the issue against Defendant Hall (ECF No. 73-1 PageID.669). At this point, a question of fact concerning exhaustion remains.

Claim 13 - Eighth Amendment claim against unknown individuals for failing to provide medical treatment. Plaintiff objects to summary judgment and dismissal of this claim. The Court affirms the objection. Defendants have not established that Plaintiff had the ability to filed grievances for the three weeks Plaintiff was in segregation. Plaintiff submitted as an exhibit a letter asking for a grievance form so that he could grieve the lack of medical treatment (ECF No. 73-1 PageID.671). At this point, a question of fact concerning exhaustion remains.

Claim 14 - Eighth Amendment claim based on an uncomfortable bed that created "unbearable pain" in his already injured spine. Plaintiff does not identify any particular defendant for this claim. Plaintiff objects to summary judgment and dismissal of this claim. The Court overrules Plaintiff's objection. Plaintiff claims to have "kited" the issue (Obj.

PageID.657) and asks the Court to "See attached" (*id.*). The Court cannot find any exhibit or attachment referencing a mattress. Plaintiff has not created a genuine issue of material fact for exhaustion of this claim.

Claim 16 - Eighth Amendment claim based on lack of medical treatment after he was transferred from MTU to IBC. Plaintiff does not identify any particular defendant for this claim. Plaintiff objects to summary judgment and dismissal of this claim. The Court affirms Plaintiff's objection. Defendants have not established that the grievance process was available to Plaintiff at IBC. Plaintiff attaches as an exhibit a letter he sent to the Grievance Coordinator at IBC requesting a grievance form for the purpose of grieving the lack of response to his medical kites (ECF No. 73-1 PageID.671). At this point, a question of fact concerning exhaustion remains.

### III.

Defendants have established that Plaintiff failed to exhaust Claim 9 (retaliation generally) and Claim 14 (8th Amendment based on bed). For those two claims, Plaintiff has not created a genuine issue of material fact concerning exhaustion. Plaintiff has created a genuine issue of material fact concerning exhaustion of Claim 12 (Defendant Hall's failure to provide medical treatment), Claim 13 (8th Amendment claim for failure to provide medical treatment at MTU) and Claim 16 (8th Amendment claim for failure to provide medical treatment at IBC). For Claims 12, 13, and 16, Plaintiff has created an issue of fact. Plaintiff contends that he had limited access to grievance forms and he also submitted documents suggesting that he requested grievance forms for those issues. For Claim 11, the Court will dismiss any claim against Defendant Desjarden for issuing a retaliatory ticket. The

Court declines to dismiss Plaintiff's claim for retaliation against Defendant Desjarden arising from the "hit" on Plaintiff by another prisoner. Plaintiff did not exhaust the former claim. Plaintiff created a genuine issue of material fact for the latter claim.

## ORDER

Consistent with the accompanying Opinion, the Court **ADOPTS IN PART** the Report and Recommendation (ECF No. 72). The Court **GRANTS IN PART** Defendants' motion for summary judgment (ECF No. 70). **IT IS SO ORDERED.**

Date:   May 31, 2023                                              /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge